# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14-CV-256-RLV-DCK

| | |
|---|---|
| **DENNIS J. CRAIG,** | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| **CAROLYN W. COLVIN,** Acting Commissioner of Social Security, | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Petition For Attorney Fees Under The Equal Access To Justice Act 28 U.S.C. § 2412" (Document No. 19) filed August 31, 2015. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting consent of the parties, the undersigned will <u>grant</u> the motion.

Pursuant to the power of this Court to award fees to a prevailing party, other than the United States, incurred by that party in a civil action against the United States, including proceedings for judicial review of agency action, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), and in light of this Court's August 13, 2015 "Order" (Document No. 17) remanding this case for further administrative proceedings,

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Petition For Attorney Fees Under The Equal Access To Justice Act 28 U.S.C. § 2412" (Document No. 19) is hereby **GRANTED**.

The United States Social Security Administration shall pay attorney's fees in the amount of four thousand, four hundred, eighty-eight dollars ($4,488.00), and the Treasury Judgment Fund shall pay to Plaintiff's Counsel four hundred dollars ($400.00) in costs, in full satisfaction of any

and all attorney's fee claims Plaintiff may have in this case under EAJA. Pursuant to the United States Supreme Court's ruling in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), these attorney's fees are payable to Plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government. If, subsequent to the entry of the Court's EAJA Order, the Commissioner determines that Plaintiff owes no debt to the government that would subject this award of attorney fees to offset, the Commissioner may honor Plaintiff's September 2, 2014 signed "Fee Contract For Federal Court" providing for payment of the subject fees to Plaintiff's counsel, rather than to Plaintiff. If, however, the Commissioner discovers that Plaintiff owes the government any debt subject to offset, the Commissioner shall pay any attorney fees remaining after such offset to Plaintiff, rather than to counsel.

**SO ORDERED**.

Signed: August 31, 2015

David C. Keesler
United States Magistrate Judge